## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| POST OAK LANE TOWNHOME OWNERS ASSOCIATION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-13-466 |
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWABS SERIES 2003-BCI, | § § § § § § | |
| *Defendant*. | § § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Bank of New York's ("BONY") motion to dismiss plaintiff Post Oak Lane Townhome Owners Association's ("Post Oak") complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 11. Having considered the complaint, motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

### I.  BACKGROUND

This is a trespass to try title case involving a parcel of real property located at 450 North Post Oak Lane, Houston, Texas 77024 ("Post Oak Property"). Dkt. 16 at 2. On or about March 29, 1996, Randy Gerson ("Gerson") purchased the Post Oak Property and entered into a $90,000 loan with BNC Mortgage. *Id.* at 4. The Post Oak Property required the payment of monthly assessments as stated in the property's Declaration of Covenants, Conditions and Restrictions for Post Oak Lane Townhomes ("Declarations"). Dkt. 16 at 4. In the fall of 2003, Gerson failed to pay his monthly

assessments due to Post Oak, causing Post Oak to file notices of trustee's sale on the Post Oak Property in November and December 2003. *Id.* at 5. At the second foreclosure sale due to delinquent monthly assessments, Post Oak ultimately purchased the property. *Id.* at 8. Gerson also stopped making payments on his BNC loan, and in December 2003, BONY[1] filed a foreclosure application. *Id.* at 5. BONY conducted a foreclosure sale in January 2012, at which it purchased the Post Oak Property. *Id.* at 9.

Post Oak filed its original complaint in state court on January 4, 2013. Dkt. 1-2. After timely removing the case to federal court, BONY filed a motion to dismiss plaintiff's original complaint for failure to state a claim. Dkt. 11. BONY alleges that under the terms of the Declarations, assessment liens are "subject to and shall not affect the rights of any Mortgagee of a Mortgage constituting a first and prior lien upon such [property]." *Id.* at 3. Thus, BONY claims Post Oak acquired its interest subject to and subordinate to BONY's lien under the terms of the Declarations.

Thereafter, Post Oak filed its first amended complaint contemporaneously with its response to BONY's motion to dismiss. Dkts. 16 & 18. In its response, Post Oak alleges that although BONY obtained a default order authorizing foreclosure of its lien in October 2008, it did not actually conduct a foreclosure sale until January 2012. Post Oak claims this purported foreclosure of the lien was untimely and void as a matter of law pursuant to Texas statutory and common law.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555,

---

[1]  The loan was assigned to BONY on Feburary 1, 2006. Dkt. 11 at 2.

127 S. Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain sufficient factual matter that, when accepted as true, "state[s] a claim to relief that is plausible on its face." *Twombl*y, 550 U.S. at 570.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  The court does not look beyond the face of the pleadings to determine whether the plaintiff has stated a claim under Rule 12(b)(6).  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  However, the court may consider documents attached to the complaint.  *Kennedy v. Chase Manhattan Bank U.S.A., N.A.*, 369 F.3d 833, 839 (5th Cir. 2004).

### III. ANALYSIS

Generally, to prevail in a trespass-to-try-title action, a plaintiff must: (1) prove a regular chain of conveyances from the sovereign; (2) establish superior title out of a common source; (3) prove title by limitations; or (4) prove title by prior possession coupled with proof that possession was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004).  The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title. *Id.*  Post Oak asserts a trespass to try title claim by limitations. Dkt. 16 at 9.  Post

Oak's first amended complaint[2] alleges that BONY's lien was void at the time of BONY's foreclosure sale by operation of the applicable four year statute of limitations.

In a trespass to try title by limitations, a "sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(b).  When this four-year period expires, the real property lien and the power of sale to enforce the lien become void. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001) (citing TEX. CIV. PRAC. & REM. CODE § 16.035(d)).  If a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated.  *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.–Houston [1st Dist.] 2012, no pet.).  If under the terms of the note, the acceleration is optional at the election of the note holder, the action accrues only when the holder exercises its option to accelerate.  *Wolf*, 44 S.W.3d at 566.  "Absent evidence of abandonment or a contrary agreement between the parties, a clear and unequivocal notice of intent to accelerate and a notice of acceleration is enough to conclusively establish acceleration and therefore accrual."  *Id.* at 565 (finding that a holder's cause of action accrued, and a four-year statute of limitations began to run, when the predecessor accelerated the debt).

In its first amended complaint, Post Oak describes the relevant chain of title to the Post Oak Property.  Post Oak further alleges that BONY gave notices of its intent to accelerate the maturity

---

[2] The court will consider BONY's motion to dismiss as it relates to plaintiff's first amended complaint, even though the motion preceded the filing of the amended complaint.  *See Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 302 (5th Cir. 1989); *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 635 (S.D. Tex. 2001) (citing  6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FED. PRAC. & PROC. § 1476 (3d ed.) for the proposition that if some of the defects raised in the defendant's motion to dismiss remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading).

of the debt several times beginning with its initial foreclosure application.  Additionally, Post Oak identifies the pertinent dates on which BONY submitted applications for foreclosure and supplemented them with affidavits acknowledging the acceleration of the maturity of the loan.  Post Oak refers to these dates and the relevant Texas statute of limitations to support its argument that BONY's foreclosure sale and lien are void.  Therefore, assuming the facts set forth in Post Oak's amended complaint are true, Post Oak has sufficiently stated facts pleading a viable cause of action for trespass to try title by limitations.

## IV.  CONCLUSION

Plaintiff has sufficiently plead a cause of action which may entitle it to relief.  Thus, BONY's motion to dismiss (Dkt. 11) is DENIED.

Signed at Houston, Texas on August 16, 2013.

_____
Gray H. Miller
United States District Judge